Charles H. HILDENBRANDT, Plaintiff,

v.

Kenneth S. APFEL, Commissioner of Social Security, Defendant.

No. 98–CV–0269 (TJM).

United States District Court, N.D. New York.

Nov. 15, 1999.

## MEMORANDUM—DECISION & ORDER

McAVOY, Chief Judge.

On October 25, 1999 this Court ordered Attorney Thayer to show cause, *Hildenbrandt v. Apfel,* 98–CV–0269 (Decision & Order dated Oct. 25, 1999), why this Court should not invoke its inherent power to issue sanctions, *see, e.g., Clinton v. Jones,* 520 U.S. 681, 709 n. 42, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997), to "deter repetition" of Thayer's conduct in this case. The Court explained that sanctions might be warranted because: (1) Thayer failed to file particularized objections to the Report and Recommendation of Magistrate Judge Sharpe on behalf of her client pursuant to FED.R.CIV.P. 72; (2) she did not respond to a letter from the Court dated June 22, 1999, which directed her to file proper objections or a motion to withdraw and further required a response "in the next few days" until July 20, 1999; and (3) her July 20, 1999 letter indicated that she intended to file a motion to withdraw from the case, which motion was never filed. On October 22, 1999, more than four months after the initial inquiry and three months after Thayer's letter, both the motion to withdraw and objections compliant with FED. R.CIV.P. 72 were absent from the record. In the interest of judicial economy and to avoid any prejudice to the Plaintiff, the Court reviewed the Report Recommendation *de novo,* as if proper objections had been filed. *See Hildenbrandt* (Decision & Order dated Oct. 25, 1999). The Court then issued the Order to Show Cause, the subject of this decision. *See id.*

This Court's concern with Thayer's conduct was twofold: First, that Thayer's client would be prejudiced by her apparent lack of contact with him as well as by her continued failure .to file appropriate objections in his case. The Affidavit submitted by Thayer in response to the Court's Order to

Show Cause indicated that, despite numerous attempts, she was unable to contact her client to discuss objections prior to their deadline and thus, eventually filed a general letter of objection to preserve her client's rights. During this time, Thayer's client was seeking new counsel to pursue an appeal in this action and failed to return numerous phone calls. Accordingly, it appears that Thayer expended effort to protect her client's interests and attempted to maintain contact with her client. Therefore, the Court declines to sanction Thayer on this ground.

■ The Court's second concern was Thayer's apparent disregard for her obligation to act on the instructions of the Court, insofar as she failed to respond in a timely manner to Court communications; failed to file a motion to withdraw or proper objections; and failed to otherwise correspond with the Court regarding the status of the case. Even after she represented to this Court that a motion to withdraw would be filed the lack of action and communication continued. Despite the fact that this concern was clearly conveyed in the Court's Order, *Hildenbrandt* (Decision & Order dated Oct. 25, 1999), Thayer failed to respond to this concern in her affidavit. Thayer did not explain why she did not move to withdraw, nor did she explain why she did not apprise the Court that she was having difficulty contacting her client and thus, could not file proper objections. Thayer was aware that the general objection she filed was insufficient and that the Court was waiting for her to file proper objections, or a motion to withdraw, before reviewing the Report–Recommendation of the Magistrate Judge. Thayer's failure to communicate with this Court regarding an active case, coupled with Thayer's failure to respond to portions of the Order to Show Cause, indicates a continued willingness of Thayer to selectively address concerns of the Court.

■ The Court recognizes that neither the interests of clients or judicial economy are furthered by allowing attorneys to file untimely responses to communications from the Court, *see, e.g., Pritzker v. City of Hudson*, 26 F.Supp.2d 433, 438 (N.D.N.Y.1998), and that these interests are further preju-

diced when attorneys represent to the Court that they will take action and then do not follow through on their obligations. After careful consideration of Thayer's affidavit, the Court sees no justification for her conduct and thus, no reason not to sanction Thayer. Accordingly, pursuant to the Court's inherent power to supervise and control its own proceedings, *see, e.g., Einhorn Yaffee Prescott Architecture & Eng., P.C.*, 101 F.3d 107 (2d Cir.1996) (Table), Thayer is Ordered to remit the sum of two hundred and fifty dollars ($250.00) to the *pro bono* fund of the Northern District of New York within fourteen days of the date of this Memorandum—Decision & Order.

**IT IS SO ORDERED.**